**18SL-CC01290**

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| ERIC WALKER, individually, and on behalf of all others similarly situated.   ) ) ) ) | |
| Plaintiff,   ) ) | |
| v.   ) ) | Case No. |
| PORCH.COM, INC.,   ) Serve:   ) National Registered Agents, Inc.   ) 160 Greentree Dr., Ste. 101   ) Dover, DE  19904   ) ) | Div. |
| Defendant.   ) | |

## PETITION FOR CLASS ACTION RELIEF

Comes now Plaintiff Eric Walker, on behalf of himself and all others similarly situated, and for his Petition for Class Action Relief, states:

### Parties, Jurisdiction and Venue

1.      Plaintiff Eric Walker ("Plaintiff") is a resident of St. Francois County, Missouri.

2.      Defendant Porch.com, Inc. ("Porch.com") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Seattle, Washington.

3.      This Court has personal jurisdiction over Porch.com because Porch.com has solicited business in the State of Missouri, has entered into contracts in the State of Missouri, has committed the acts described below within the State of Missouri, and otherwise has sufficient minimum contacts with the State of Missouri.

4.      Venue is proper in this Court because a substantial part of the events giving rise to the claims asserted herein occurred in St. Louis County, Missouri.

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

**Background**

5.      Porch.com is a web based business that connects individuals to home contractors in their area. Porch.com claims to be the "leading home improvement network." Contractors pay Porch.com in exchange for referrals for home improvement or maintenance projects.

6.      Porch.com communicates with home contractors, notifying them of potential projects, through a Short Messaging Service ("SMS").

7.      SMS is a method of communication that sends text messages between cell phones or from a computer to a cell phone. Most commonly, the maximum size of an SMS text is 160 characters.

8.      Unlike more conventional advertisements, SMS message advertisements can actually cost recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

9.      Plaintiff did not provide Porch.com prior express written consent to send him text message communications. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message advertisements from Porch.com from an automatic telephone dialing system and informing him/her that he/she is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

10.     On or about March 4, 2018, Porch.com or someone acting on its behalf sent the following text message to Plaintiff:

> New Porch lead from James H. for Handyman Services
> project in 63628
> Click to view more details: https://porch.com/s/ErXf762Yr0

2

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

> More info: Service: Multiple services
> Start Date: I'm flexible

11.    In response to the message referenced in Paragraph 10, Plaintiff texted "Stop" to the sender. Soon thereafter, on March 4, 2018 Plaintiff received the following message:

> PORCH: Messaging with this number is stopped. Reply START to enable. Msg&data rates may apply.

12.    On or about March 4, 2018, Porch.com or someone acting on its behalf sent the following text message to Plaintiff:

> New Porch lead from Testing M. for Chain Link Fence Installation project in 63640
> Click to view more details: http://porch.com/s/7p45qqAoui
> More info: Fencing project type; Install a new or completely replace a fence Pool [view full details on Porch]
> March 4, 2018 @ 1:53 p.m.

13.    In response to the message referenced in Paragraph 12, Plaintiff texted "Stop" to the sender. Soon thereafter, on March 4, 2018 Plaintiff received the following message:

> PORCH: Messaging with this number is stopped. Reply START to enable. Msg&data rates may apply.

14.    On or about March 9, 2014, Porch.com or someone acting on its behalf sent the following text message to Plaintiff:

> New Porch lead from Tommy H. for Unfinished Space Conversion project in 63601
> Click to view more details: https://porch.com/s/3jUBmFq5tj
> March 9, 2018 @ 3:09 a.m.

15.    In response to the message referenced in Paragraph 14, Plaintiff texted "Stop" to the sender. Soon thereafter, on March 4, 2018 Plaintiff received the following message:

> PORCH: Messaging with this number is stopped. Reply START to enable. Msg&data rates may apply.

3

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

16.     On or about July 30, 2014, Porch.com or someone acting on its behalf sent the following text message to Plaintiff:

> New Porch lead from Marge W. for Kitchen Remodeling project in
> 63670
> Project  scope:  Partial  Click  to  view  more  details:
> https://porch.com/s/7lGe13noZu

16.     In addition to those messages identified above, in 2018 Plaintiff received at least one additional text message concerning a "New Porch lead" from Porch.com or someone acting on its behalf.

17.     The messages referenced above were sent from short code 414141.

18.     Plaintiff received and read the text messages from Porch.com on his cellular phone in St. Francois County, Missouri and St. Louis County, Missouri.

19.     Porch.com's conduct injured Plaintiff and members of the classes because their privacy has been violated, and they were subject to annoying and harassing text messages that constituted a nuisance. Porch.com's text messages to wireless numbers intruded upon the rights of Plaintiff and class members to be free from invasion of their interest in seclusion.

20.     Porch.com's conduct injured Plaintiff and members of the classes because they wasted time addressing or otherwise responding to the unwanted texts to their wireless numbers.

21.     Porch.com's text messages to wireless numbers caused economic harm to members of the classes by requiring them to pay their cell phone providers either for each message or incurring a usage allocation deduction to their cell phone plan.

22.     On information and belief, Plaintiff's cellular phone number had previously been assigned to an individual who conducted business with Porch.com as a contractor and such number was reassigned by a cell phone carrier to Plaintiff.

4

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

23.     Upon information and belief, Porch.com or an agent acting on its behalf sent text message advertisements en masse to Plaintiff and members of the proposed class without prior express written consent.

### Count I – Violation of the TCPA, 47 U.S.C. § 227 *et seq*.

24.     Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

25.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity… to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227 (a)(1).

26.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services, which is transmitted to any person." 47 U.S.C. § 227 (a)(4).

27.     The Federal Communications Commission's Regulations implementing the TCPA provide that telephone solicitations, which include text messages, cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2).

28.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

29.     The Code of Federal Regulations further provides that the written agreement required to obtain "prior express written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services. 47 C.F.R. § 64.1200(f)(8)(i)(A)-(B).

30.     The TCPA provides for a private right of action and statutory damages of at least $500 per violation. 47 U.S.C. 227 § (b)(3).

31.     Plaintiff brings this action pursuant to the provisions of Rule 52.08(b)(3) of the Missouri Rules of Civil Procedure individually, and on behalf of a two classes defined as:

Class 1: Revoked Consent

> All persons in the United States who, from March ___, 2014 to the present, received text messages from Porch.com and who responded to such text messages with "Stop" and thereafter received additional text messages from Porch.com; and

Class 2: Reassigned Cell Number

> All persons in the United States who, from March ___, 2014 to the present, to whom Porch.com sent a text message to a to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Porch.com's text messages—in that the intended recipient of the text message was not the customary user of, or subscriber to, the cellular telephone number.

32.     Upon information and belief, Porch.com sent text messages to Plaintiff and the members of the proposed class using equipment that had the capacity to store or produce telephone

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

numbers to be called using a random or sequential number generator, and to dial such numbers with minimal human intervention.

33.     Upon information and belief, Porch.com sent text messages nationwide and en masse via SMS from a short code to members of the proposed class despite not having prior express written consent from the class members to send them text messages. It would be impracticable for Porch.com to send these text messages en masse without using the automatic telephone dialing system described in the previous paragraph.

34.     More particularly, Porch.com sent text messages encouraging the use of Porch.com's services to Plaintiff and members of the proposed class who had not signed agreements with Porch.com containing a clear and conspicuous disclosure informing them that (1) by executing the agreement, such person authorized Porch.com to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

35.     By sending text messages to member of the proposed class who had not granted Porch.com their prior express written consent by signing agreements containing the disclosures described above, Porch.com violated the express provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) and (f)(8).

36.     Porch.com knew or should have known that the text messages sent to Plaintiff and members of the proposed class was a telephone solicitation and that Plaintiff and members of the proposed class did not provide prior express written consent, as described above, authorizing Porch.com to send them text messages.

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

37.    Porch.com was sued in September 2017 in the United States District Court for the Northern District of Georgia, in a case styled *Harris v. Porch.com, Inc*., No. 1:17-cv-03667. In that case, the Plaintiff alleged he received numerous text messages from Porch.com about contracting jobs after he instructed Porch.com to stop sending text messages to his phone.

38.    Plaintiff and the proposed class are entitled to damages of $500.00 per text message sent by Porch.com and up to $1,500.00 per text message if the Court finds that Porch.com willfully violated the TCPA.

39.    Upon information and belief, there are hundreds or thousands of persons in the proposed classes, and the classes are so geographically diverse that joinder of all members is impracticable.

40.    Plaintiff's claims are typical of the classes he seeks to represent. Plaintiff and members of the proposed classes were sent text messages by Porch.com without providing their prior express written consent as defined by 47 C.F.R. § 64.1200(f)(8). Plaintiff's claims and the claims of the proposed classes are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

41.    There are questions of law and fact common to the classes. Common questions include, but are not limited to:

a.    Whether Porch.com sent text messages to members of the proposed class without obtaining their prior express written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200(a)(2) and (f)(8);

b.    Whether Porch.com sent text messages to members of the proposed class using an automatic telephone dialing system;

8

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

    c.       Whether the text messages send by Porch.com contain material encouraging the use of Porch.com's contractor referral services;

    d.       Whether Porch.com's conduct violates 47 U.S.C. § 227(b)(1)(A);

    e.       Whether Porch.com's conduct violates the rules and regulations implementing the TCPA; and,

    f.       Whether Plaintiff and the members of the proposed classes are entitled to increased damages based on the willfulness of Porch.com's conduct.

42.    Plaintiff will fairly and adequately represent the proposed members of the proposed classes. Plaintiff has retained counsel experienced in the prosecution of class actions. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

43.    The questions of law and fact common to the members of the proposed classes predominate over any questions of fact affecting any individual member of the proposed class.

44.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

Demand for Judgment

WHEREFORE Plaintiff Eric Walker, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

    a.       Enter an order, pursuant to Missouri Rule of Civil Procedure 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Eric Walker as representative of the classes;

Electronically Filed - St Louis County - March 23, 2018 - 02:29 PM

b.      Enter an order appointing Butsch Roberts & Associates LLC as counsel for the

classes;

c.      Enter judgment in favor of Plaintiff and the proposed classes for all damages

available under the TCPA, including statutory damages of $500 per violation, or up

to $1,500 per violation if Porch.com willfully violated the TCPA;

d.      Award Plaintiff and the classes all expenses of this action, and requiring defendant

to pay the costs and expenses of class notice and claims administration; and,

e.      Award Plaintiff and the classes such further and other relief the Court deems just

and appropriate.


Jury Trial Demanded

**BUTSCH ROBERTS & ASSOCIATES LLC**


By: _/s/   David T. Butsch_____
  David T. Butsch #37539MO
  Christopher E. Roberts #61895MO
  231 South Bemiston Ave., Suite 260
  Clayton, MO 63105
  (314) 863-5700 (telephone)
  (314) 863-5711 (fax)
  Butsch@ButschRoberts.com
  Roberts@ButschRoberts.com

  Attorneys for Plaintiff Eric Walker



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number:  18SL-CC01290 |
|---|---|
| Plaintiff/Petitioner:<br>ERIC WALKER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID THRIFT BUTSCH<br>SUITE 260<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>PORCH.COM, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   PORCH.COM, INC.
                        Alias:
**NATIONAL REGISTERED AGENTS INC**
**160 GREENTREE DR**
**STE 101**
**DOVER, DE  19904**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
    **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>09-APR-2018</u>
Date
Further Information:
SM

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

   **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                       ☐ the judge of the court of which affiant is an officer.
                       ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                          (use for out-of-state officer)
*(Seal)*                ☐ authorized to administer oaths.  (use for court-appointed server)

                       _____
                                Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 18-SMOS-386**     3     **(18SL-CC01290)**                    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - April 27, 2018 - 01:07 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| ERIC WALKER, individually, and on behalf of all others similarly situated.    ) | |
|        ) | |
|        ) | |
|     Plaintiff,     ) | |
|        ) | |
|        ) | Case No. 18SL-CC0290 |
| v.     ) | |
|        ) | Div. 2 |
| PORCH.COM, INC.,     ) | |
|        ) | |
|     Defendant.     ) | |

## MEMORANDUM OF FILING

Comes now Plaintiff Eric Walker and hereby files the return of service on Defendant Porch.com, Inc.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: _/s/   David T. Butsch_
      David T. Butsch #37539MO
      Christopher E. Roberts #61895MO
      231 South Bemiston Ave., Suite 260
      Clayton, MO 63105
      (314) 863-5700 (telephone)
      (314) 863-5711 (fax)
      Butsch@ButschRoberts.com
      Roberts@ButschRoberts.com

      Attorneys for Plaintiff Eric Walker

Electronically Filed - St Louis County - April 27, 2018 - 01:07 PM



# Kent County

## Sheriff's Office

Jason A. Mollohan
Sheriff, Kent County

555 Bay Rd.
Dover, DE  19901
Phone: 302-736-2161
Fax: 302-736-2164

### SHERIFF'S RETURN

Re: Service Request for Court:   Circuit Court St. Louis County Missouri

| | | | |
|---|---|---|---|
| Eric Walker, | Plaintiff, | C.A. No.: | 18SL-CC1290 Missouri |
| Vs. | | Sheriff No.: | 18001243 |
| Porch.com, Inc. | Defendant | Attorney: Firm: | David Butsch of Butsch Roberts & Associates LLC 231 South Bemiston Avenue Suite 260 Clayton, MO 63105 |

Deputy Ken Anderson at the Kent County Sheriff's Office, served the within Summons/Complaint upon Porch.com, Inc. c/o National Registered Agents, Inc. by leaving with  Frances Fernandez, Client Service Representative a true and correct copy of the said Writ, this day 4/17/2018 at 160 Greentree Drive Suite 101 Dover, DE 19904 .

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Notary
Executed on 4/18/2018

Jason Mollohan
Sheriff of Kent County Delaware

Form: RC-417 Out of State - Substitute
Revised: 12/10/2014

*"Serving Kent County With Pride"*

Electronically Filed - St Louis County - April 27, 2018 - 01:07 PM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number:  18SL-CC01290 |
|---|---|
| Plaintiff/Petitioner:<br>ERIC WALKER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID THRIFT BUTSCH<br>SUITE 260<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>PORCH.COM, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   PORCH.COM, INC.

**Alias:**
NATIONAL REGISTERED AGENTS INC
160 GREENTREE DR
STE 101
DOVER, DE 19904

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>09-APR-2018</u>
**Date**
**Further Information:**
**SM**

_____ Clerk

---

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is ~~Deputy Sheriff~~ of ~~Kent~~ County, ~~DE~~ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ~~Client Service Rep.~~ (name) ~~Frances Fernandez~~ (title).
   ☑ other (describe)
Served at ~~160 Greentree Drive Suite 101~~ (address)
in ~~Kent~~ County, ~~DE~~ (state), on ~~April 17 2018~~ (date) at ~~15:10~~ (time).

~~Deputy Ken Anderson~~
Printed Name of Sheriff or Server

~~Deputy K.A. Sr.~~
Signature of Sheriff or Server

Subscribed and Sworn To me before this ~~17th~~ (day) ~~April~~ (month) ~~2018~~ (year)
(use:  check one)   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

~~Margaret Mangiamele-Orlando~~
Signature and Title

*(Seal)*
MARGARET MANGIAMELE-ORLANDO
MY COMMISSION EXPIRES
NOTARY PUBLIC
06/13/2020
STATE OF DELAWARE

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**